**SO ORDERED.**

**SIGNED this 17 day of August, 2009.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

**JAMES ORLANDO JACKSON,**

      DEBTOR.                     Case No. 09-03015-8-JRL
                                          Chapter 7

_____

**ORDER**

This case is before the court on the order to show cause as to why sanctions should not be imposed. On July 21, 2009, the court conducted a hearing on this matter in Wilmington, North Carolina. This order provides the rationale for the oral ruling at the conclusion of hearing dismissing the show cause order.

The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on April 14, 2009. Prior to filing, on March 27, 2009, the debtor signed a Bankruptcy Fee Contract which provided that the debtor retained Ms. Charleene Wilson ("Counsel") for a flat fee of $1,000.00. On April 2, 2009, Counsel filed an initial disclosure of compensation in the sum of $1,200.00. On April 14, 2009, the debtor filed a Statement of Financial Affairs, which stated that Counsel received $1,371.00 for services related to debt counseling and bankruptcy. Subsequently, on

June 22, 2009, Counsel filed a disclosure of compensation in which she reported additional fees in the amount of $700.00 for services rendered post-petition. On June 18, 2009, the Bankruptcy Administrator filed a motion for an order requiring the debtor and Counsel to appear and show cause for failure to comply with Rule 2016 of the Federal Rules of Bankruptcy Procedure. The court granted the motion for show cause order on June 19, 2009.

The duty to disclose compensation is governed by § 329 of title 11 and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. Section 329 requires an attorney representing a debtor in a case under title 11 to file "a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered . . . ." 11 U.S.C. § 329(a). An attorney must file the statement required under § 329 with the Bankruptcy Administrator within 15 days after the order for relief. FED. R. BANKR. P. 2016(b). In addition, a supplemental statement must be submitted to the Bankruptcy Administrator within 15 days after any payment not previously disclosed. Id.

The Bankruptcy Administrator objects to the disclosure of compensation by Counsel to the extent that her fee disclosures are contradictory. Additionally, the Bankruptcy Administrator asserts that Counsel failed to timely file her supplemental statement of compensation pursuant to Rule 2016(b). At hearing, the Bankruptcy Administrator established that Counsel filed her supplemental statement on June 22, 2009 in which she disclosed compensation received prior to June 3, 2009.

In response, Counsel established at hearing that her initial fee disclosure represented the amount paid to Counsel pre-petition. Counsel admitted that the debtor's Statement of Financial

Affairs was inconsistent with her initial fee disclosure, but established that it was her normal practice to include the debtor's filing fee in the calculation of payments related to debt counseling or bankruptcy. In addition, Counsel alleged that she was not aware of the requirement under Rule 2016(b) to disclose additional compensation within 15 days of payment and asserted that such requirement had not previously been enforced.

The court finds that Counsel failed to comply with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. Rule 2016(b) requires each debtor's attorney to file with the Bankruptcy Administrator a supplemental statement of compensation within 15 days after payment of any fees previously undisclosed. In this case, Counsel filed her supplemental statement of compensation on June 22, 2009, which was more than 15 days after Counsel received compensation from the debtor. Notwithstanding Counsel's failure to comply with Rule 2016(b), the court will refrain from imposing sanctions in this case. In previous cases, the court notes that neither the trustee nor the Bankruptcy Administrator sought enforcement of the provision in Rule 2016(b) requiring timely disclosure of additional fees. Although the motion for an order to show cause filed by the Bankruptcy Administrator appears to signal an end to this pattern of acquiescence, the court is not inclined to make a scapegoat of Counsel. Going forward, however, the court intends to enforce the requirement for timely disclosure of compensation of attorneys as provided for in Rule 2016.

Based on the foregoing, the order on the motion for show cause is DISMISSED.

"**END OF DOCUMENT**"